**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 16-7279

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JOSHUA BRANDON MAJOR, a/k/a Joshua Brandon Tart,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria.  T. S. Ellis III, Senior District Judge.  (1:11-cr-00016-TSE-1; 1:16-cv-00324-TSE)

Submitted:  July 11, 2017                                      Decided:  July 26, 2017

Before TRAXLER, WYNN, and THACKER, Circuit Judges.

Vacated and remanded by unpublished per curiam opinion.

Joshua Brandon Major, Appellant Pro Se.  Michelle Rita Pascucci, Special Assistant United States Attorney, Kimberly Riley Pedersen, Assistant United States Attorney, Alexandria, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Joshua Brandon Major appeals the district court's order denying relief on his 28 U.S.C. § 2255 (2012) motion, in which he contended that the district court erred in finding that his prior Virginia burglary convictions constituted violent felonies under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e) (2012). We granted a certificate of appealability on two issues: (1) whether, in light of *Castendet-Lewis v. Sessions*, 855 F.3d 253 (4th Cir. 2017), Virginia statutory burglary is a violent felony for ACCA purposes; and (2) whether Major's appeal is moot in light of his release from prison during the pendency of this appeal. After further briefing and consideration, we conclude that the district court erroneously determined that Major's burglary convictions were violent felonies supporting his armed career criminal classification. Although precedent at the time the district court sentenced Major supported this classification, intervening decisions by the Supreme Court and this Court have altered the landscape. We also find that Major's release from prison does not render moot his appeal as he remains on supervised release, and the district court may, in its discretion, alter any aspect of a defendant's otherwise statutorily mandated sentence, including supervised release terms. *See United States v. Doe*, 810 F.3d 132, 143 (3d Cir. 2015).

Thus, we vacate the district court's denial of Major's § 2255 motion and remand for further consideration. We deny Major's request that we terminate the unserved portion of his supervised release term, without prejudice to his ability to seek relief under 18 U.S.C. § 3583(e) (2012). We dispense with oral argument because the facts and legal

contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*VACATED AND REMANDED*